UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In Re:

KIRWAN OFFICES S.a.R.L.,

                   Debtor,
--------------------------------------------------------------x
STEPHEN P. LYNCH,

                   Appellant,

v.

MASCINI HOLDINGS LIMITED, and
LAPIDEM LIMITED,

                   Appellees.
--------------------------------------------------------------x

**OPINION AND ORDER**

16 CV 6300 (VB)

Briccetti, J.:

    In this action, appellant Stephen P. Lynch appeals from a July 5, 2016, Order of the Bankruptcy Court (Hon. Robert D. Drain, Judge) denying Lynch's motion to intervene to answer the bankruptcy petition on behalf of the debtor. (Case No. 16-22321, Doc. #43).

    Before the Court is Lynch's motion to stay his appeal or extend his time to file appellant's brief. (Doc. #4).

    For the following reasons, Lynch's motion for a stay is GRANTED.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 158(a).

## BACKGROUND

    Lynch and appellees Mascini Holdings Limited ("Mascini") and Lapidem Limited ("Lapidem") are the sole shareholders of debtor Kirwan Offices S.a.R.L. ("Kirwan"), a Luxembourg corporation. Mascini and Lapidem are the only Class A and B shareholders; Lynch is the only Class C shareholder.

Kirwan's only asset is an "ownership interest in a subsidiary that is prosecuting litigation against unrelated third parties in which it is seeking to recover assets worth nearly $1 billion." (Lynch Br. at 2). Mascini and Lapidem have sought to settle that litigation, but are unable to do so because Lynch's consent is needed, and he has refused to provide it.

On March 15, 2016, Mascini and Lapidem filed an involuntary Chapter 11 bankruptcy petition against Kirwan. On April 6, 2016, Lynch filed a Motion for Intervention and Dismissal, Abstention, or Stay ("Motion to Intervene or for Dismissal"), in which he sought six different forms of relief. Of relevance here, Lynch requested permission to intervene in the bankruptcy proceeding on behalf of Kirwan, and sought dismissal of the bankruptcy petition pursuant to Section 1112 of the Bankruptcy Code.[1]

On July 5, 2016, the Bankruptcy Court entered an "Order (I) for Relief Under Chapter 11 of the Bankruptcy Code and (II) Denying, in Part, Stephen P. Lynch's Motion for Intervention and Dismissal, Abstention or Stay" ("Order for Relief"). (Doc. #43). The Order for Relief denied Lynch's motion to intervene, but reserved decision on other issues, including his Section 1112 dismissal motion, which continue to be litigated in the bankruptcy proceedings.

On August 9, 2016, Lynch appealed the Order for Relief to this Court. The same day, he moved to stay his appeal.

---

[1] As a minority shareholder of the company, Lynch is a "party in interest" in the bankruptcy case. (Opp. at 5-6). This gives him standing to seek dismissal of the petition under Section 1112 of the Bankruptcy Code. However, Lynch also contested the involuntary petition as improper under Section 303 of the Bankruptcy Code. To do so, he was required to seek to intervene on behalf of the company because Section 303 "permits only a putative debtor to respond to an involuntary petition and not any other party in interest." (Id. at 5, n.4).

## DISCUSSION

In deciding whether to grant a stay, courts in this circuit consider five factors:

(1) the private interests of the plaintiff[] [in this case appellant Lynch] in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff[] if delayed; (2) the private interests of and burden on the defendants [appellees here]; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Kappel v. Comfort, 914 F.Supp. 1056, 1058 (S.D.N.Y. 1996).

Applying these factors, the Court concludes a stay is warranted in this case.

The first factor articulated in Kappel is not a concern here, as Lynch has moved for the stay of his own appeal. Lynch states he did so to "preserve his right to appeal" because "[i]f the Order for Relief as to the two issues in the appeal is a final order, then Lynch's failure to have appealed within the 14-day period would have deprived this Court of appellate jurisdiction and Lynch of his opportunity to challenge the rulings." (Lynch Br. at 6). The Court finds this to be a valid concern and therefore accepts that Lynch would not be prejudiced by the stay.

With respect to the second factor, appellees argue a stay will delay the bankruptcy proceedings and the ultimate resolution of the dispute, which will prejudice them. The Court finds this argument unpersuasive because, contrary to what appellees suggest, it is unlikely this appeal would be resolved before the Bankruptcy Court resolves the remainder of the issues raised in Lynch's Motion to Intervene or for Dismissal. This is all the more certain now, as the Court notes on November 21, 2016, the parties entered into a stipulation in the bankruptcy case that governs the briefing schedule for the remainder of Lynch's motion, and according to which the motion will be fully briefed by January 20, 2017. (Doc. #60).

Third, judicial economy will be served by a stay. As Lynch points out, if the Bankruptcy Court grants Lynch's Section 1112 dismissal motion, that decision would moot this appeal. In addition, it will be more efficient for the Court to consider a single appeal of all of the rulings

made on Lynch's Motion to Intervene or for Dismissal than to consider some now and others later, in a piecemeal fashion.

With respect to the fourth and fifth factors, neither Lynch nor appellees identify any third parties or compelling public interests that would be affected one way or the other by a stay.

Finally, appellees express concern about the "indefinite duration" of the stay. (Opp. at 7). However, Lynch states he seeks a stay only until the Bankruptcy Court decides the remainder of the issues raised in his Motion to Intervene or for Dismissal. (See Reply at 2). Given this representation, the Court will look unfavorably upon any attempts by Lynch to extend the stay to cover issues beyond those raised in his Motion to Intervene or for Dismissal.

## CONCLUSION

Accordingly, appellant's motion for a stay of the instant bankruptcy appeal pending resolution of the remainder of the issues raised in Lynch's Motion to Intervene or for Dismissal is GRANTED.

By February 1, 2016, and every thirty days thereafter, the parties shall submit a joint letter regarding the status of the bankruptcy proceeding, and specifically stating whether the remaining issues raised in Lynch's Motion to Intervene or for Dismissal have been resolved. In addition, the parties shall inform the Court within one week of the Bankruptcy Court's determination of the

remainder of the issues raised in Lynch's Motion to Intervene or for Dismissal currently pending before the Bankruptcy Court, and propose a briefing schedule for this appeal.

The Clerk is directed to terminate the motion (Doc. #4) and stay this case.

Dated: December 5, 2016
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge